# People of the State of Illinois, for use, etc., v. S. E. Peden.

1. STATUTES—*Construction and Interpretation Belongs to the Court.*—The construction and manner of interpretation of statutes belongs to the court, and should not be left to the jury.

2. INSTRUCTIONS—*Erroneous Where Argumentative and Misleading.*—An instruction which is argumentative, bringing in an exception under the statute not involved under the facts of the case in a manner calculated to confuse the jury, is erroneous.

3. SAME—*Allowing Belief of Jury to Control Verdict Without Regard to the Evidence, Erroneous.*—An instruction so worded that the belief of the jury, without regard to the evidence, might control and warrant a verdict, is erroneous.

4. SAME—*Taking from the Jury the Determination of the Question in the Case.*—An instruction which attempts to extend the meaning of the statute by application to particular facts as conclusive of the plaintiff's right to recover, thus taking from the jury the determination of the question in controversy, is erroneous.

**Debt,** to recover a penalty for practicing medicine without a license. Appeal from the County Court of Marion County; the Hon. CHARLES H. HOLT, Judge presiding. Heard in this court at the February term, 1903. Reversed and remanded. Opinion filed September 10, 1903.

L. B. SKIPPER, attorney for appellant.

CHARLES F. DEW, attorney for appellee; FRANK F. NOLEMAN, of counsel.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action of debt, for the use of the State Board of Health, against the appellee, S. E. Peden, to recover a penalty for practicing medicine without a license, contrary to the provisions of a statute regulating the practice of medicine in the State of Illinois, approved April 24th, and in force July 1, 1899. Suit was brought before a justice of the peace and on trial by jury resulted in a verdict for the defendant. Plaintiff appealed to the County Court and trial there again resulted in a verdict and judgment for the defendant, from which the plaintiff appealed to this court.

Section 2 of the act provides :

" No person shall hereafter begin the practice of medicine or any of the branches thereof, or midwifery, in this state, without first applying for and obtaining a license from the State Board of Health to do so."

The statute further provides for the manner of application, the examination by the board, and the qualifications required of those who may be licensed to practice medicine in this state.

Affecting the rights of the appellee, or those of a class to which he may be assigned, we have this provision in Sec. 2 :

" The examination of those who desire to practice any other system or science of treating human ailments, who do not use medicines internally or externally and who do not practice operative surgery, shall be of a character sufficiently strict to test their qualifications as practitioners."

The purpose of the statute, the legislative intent, was to bring under legal supervision and regulation all who in a professional way treat human ailment.

" Section 7. Any person shall be regarded as practicing medicine, within the meaning of this act, who shall treat, or profess to treat, operate on, or prescribe for any physical ailment or any physical injury to, or deformity of another; * * * And this act shall not apply * * to any person who ministers to or treats the sick or suffering by mental or spiritual means, without the use of any drug or material remedy."

The appellee had no license from the State Board of Health. He treated and professed to treat, operated on and prescribed for physical ailments within the meaning of the statutory definition of practicing medicine. The testimony of the appellee supports this contention. But was his manner of treatment the means used within the saving clause of the statute? Did he minister to or treat the sick or suffering by mental or spiritual means alone, that is, without the use of any drug or material remedy? He did not use any drug; so that the only question to be determined is, whether or not his method and treatment of

the afflicted was by mental or spiritual means without the use of any material remedy.

As applicable to the defense in this case, the court gave the following instructions :

" 1.  The court instructs the jury that it does not devolve upon the defendant to prove his innocence, but the burden is upon the state to prove the defendant guilty, by a strict interpretation of the law by a preponderance of the evidence, and if it fails to do so, you should find the defendant not guilty."

" 3.    The court instructs the jury that when the present law in question went into effect, on repeal of the old law, that two  provisions or exceptions  were  incorporated in the present  law which was not found in the  old law: the first is, that the law should not be construed to apply to the law regulating dentistry or pharmacy;  and the second exception or  provision  was, that the present  law should not be construed to apply to any person who administers to or treats the sick or suffering by mental  or spiritual means without the use of any  drug  or material remedy, and in this case, if you believe from the evidence that the defendant's treatment  comes under either of said exceptions, you should then find the defendant not guilty."

" 4.    The court instructs the jury that if you believe from the evidence in this case that the defendant, in his effort to relieve others, did not resort to manipulation or kneading the affected part or the flexing of the limbs or muscles of the afflicted person, did not operate on or prescribe for any physical ailment, but in a silent magnetic influence, directed by mental or spiritual energy, and so practiced when treating, and you believe he comes under the exception of the law in question, then you should find him not guilty."

" 6.    The court instructs the jury that the statute under which this action is brought is penal, and should be strictly construed, and not be held to include persons who are not clearly within the scope of its provisions; and in this case, unless you believe from the evidence that the defendant has clearly violated the law, when strictly construed, you should find him not guilty."

The plaintiff was required to prove its case by a preponderance of the evidence, without regard to a liberal or strict interpretation of the law.    The construction and manner of interpretation of the statute belongs to the court, and should

not have been left to the jury as was done by the first and sixth instructions.

The third instruction is subject to the same objection, besides being argumentative and misleading. An exception under the statute not involved under the facts in this case is brought into it in a manner calculated to confuse the jury. The fourth instruction calls for a finding upon what was not done, coupled with an erroneous statement of what would constitute a defense under the law. It is so worded that the belief of the jury without regard to the evidence might control and warrant a verdict for the defendant. Appellee's second and fifth instructions are subject to criticism in form likely to be corrected in another trial.

The trial court rightly refused appellant's instruction of which complaint is made under the fourth assignment of error. Like the appellee's second given instruction, it was an attempt to extend the meaning of the statute by application to particular facts as conclusive of the plaintiff's right to recover. By it the court would take from the jury the question as to whether the treatment by the defendant was without "any material remedy," which is the question in this case.

For the error in giving the instructions herein considered, the judgment of the County Court is reversed and the cause remanded.